# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN J. E. LUCHINSKI,

        Petitioner,

v.                                                                           Case No. 10-C-980

MICHAEL THURMER
Warden of Waupun Correctional Institution,

        Respondent.

## DECISION AND ORDER

Petitioner Shawn J. E. Luchinski ("Luchinski"), a State of Wisconsin prisoner incarcerated at the Waupun Correctional Institution ("WCI") in Waupun, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Luchinski challenges his February

24, 2006, conviction by the Circuit Court for Fond du Lac County, Wisconsin, for the repeated sexual assault of three minors. He indicates that on February 24, 2006, he was sentenced to 70 years of imprisonment, to be followed by 30 years of supervised release. It is clear that Luchinski is "in custody" pursuant to the state criminal conviction he now challenges.

Luchinski lists four grounds for relief. The grounds are (1) prosecutorial misconduct/outrageous governmental conduct, (2) ineffective assistance of counsel, (3) denial of his right to confrontation at trial, and (4) other crimes evidence was improperly admitted at trial. With respect to ground four, errors of state law such as the improper admission of evidence generally do not support a writ of habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997). However, at this juncture of the proceedings, Luchinski presents four grounds that arguably assert he is custody in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to

the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). The information provided in the petition indicates that the grounds raised by Luchinski were raised by a post-conviction motion filed with the trial court, which was denied. He then appealed to the Wisconsin Court of Appeals which affirmed the trial court's determination. Subsequently, Luchinski filed a petition for review of that decision with the Wisconsin Supreme Court. The petition for review was denied on November 3, 2009. Based on the foregoing, it appears that Luchinski has exhausted his state remedies.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate. Consequently, Thurmer will be called upon to serve and file an answer to Luchinski's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Thurmer **MUST** file an answer to the petition, by **January 18, 2011**.

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 7th day of December, 2010.

                                            **BY THE COURT**

                                            *s/ Rudolph T. Randa*
                                            **Hon. Rudolph T. Randa**
                                            **U.S. District Judge**