# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAWN J. E. LUCHINSKI,**

        **Petitioner,**

v.                                            Case No. 10-C-980

**MICHAEL THURMER**
**Warden of Waupun**
**Correctional Institution,**

        **Respondent.**

## DECISION AND ORDER

       Petitioner Shawn J. E. Luchinski ("Luchinski"), a State of Wisconsin prisoner incarcerated at the Waupun Correctional Institution ("WCI") in Waupun, Wisconsin, has a pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was represented in this action by Attorney Joseph Sommers ("Sommers"). However, Sommers has left the practice of law. Sommers' motion to withdraw as counsel was granted on May 18, 2012.

       In his motion to withdraw, Sommers suggested that the Court consider appointment of counsel to represent Luchinski. However, he did not address the criteria for appointment of counsel in a habeas corpus case.

       Luchinski, who is now representing himself in this action, has filed a motion for court-appointed counsel and this District's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs Before District Court or on Appeal. In the motion, prepared

by another inmate, Luchinski maintains that in the interests of justice the Court should appoint counsel to represent him.

As this Court previously indicated, there is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. *See* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See Martel v. Clair*, ––– U.S. ––––, ––––, 132 S.Ct. 1276, 1285, 182 L.Ed.2d 135 (2012); Rule 8(c), Rules Governing Section 2254 Cases.

Review of Luchinski's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs Before District Court or on Appeal establishes that Luchinski is unable to pay the cost of retaining counsel. Additionally, he has satisfied the threshold inquiry for appointment of counsel by demonstrating that he has made a reasonable attempt to obtain counsel. Luchinski has submitted five letters from attorneys whom, with exception of Attorney Rex Anderegg ("Anderegg"), decline to take his case. Anderegg indicates that he has spent a little time reviewing the procedural history and the issues in Luchinski's case and, although his firm is not in a position to take the case on a pro bono basis, he would be willing to consider a court appointment – depending on the terms. The Court has determined that

2

Anderegg is not a member of the Federal Defender Services of Wisconsin, Inc., panel in this District.

Regardless, at this juncture, Luchinski's "case" has been presented to the Court, and is ready for resolution. Therefore, the Court cannot find that the appointment of counsel is in the interests of justice. Therefore, the motion is denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Luchinski's motion for leave to proceed *in forma pauperis* (ECF No. 13) is **GRANTED**; and,

Luchinski's motion for appointment of counsel (ECF No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of October, 2012.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**

3
Case 2:10-cv-00980-RTR   Filed 10/15/12   Page 3 of 3   Document 19